# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM I. BABCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-824 |
| | ) | |
| v. | ) | Judge Flowers Conti |
| | ) | Magistrate Judge Caiazza |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### **I.   RECOMMENDATION**

It is respectfully recommended that the District Court grant the Defendant's Motion for Summary Judgment (Doc. 11) and deny the Plaintiff's Motion for Summary Judgment (Doc. 10).

### **II.   REPORT**

The Plaintiff William I. Babcock ("Mr. Babcock" or "the Claimant") filed with the Social Security Administration ("the Administration" or "SSA") an application for disability insurance benefits in November 2002. *See* R. at 42-44. The purported onset date of his disability was May 9, 2001, when he allegedly became unable to work due to a herniated disc in his lower back. *See* R. at 70.

The Administration denied Mr. Babcock's application. Thereafter the Claimant requested a hearing, which was held before administrative law judge Jay Levine ("the ALJ")

on July 24, 2003.

On September 5, 2003, the ALJ issued a written decision denying the Claimant's application ("the ALJ's Decision"). *See* R. at 14-22. The ALJ concluded that Mr. Babcock retained the residual functional capacity ("RFC") for less than the full range of light work, as identified in the written decision. *See id.* at 21.[1] At the hearing, a vocational expert identified positions that could be performed by a person with the specified abilities and limitations. *See generally id.* at 19-20. Recognizing that such positions existed in significant numbers in the national economy, the ALJ concluded at step five of the sequential analysis that the Claimant was not disabled. *See id.*

After exhausting his administrative remedies, the Claimant filed this lawsuit seeking judicial review of the ALJ's decision. *See generally* Compl. The parties have filed cross-motions for summary judgment, which are now ripe for adjudication.

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor unsupported by substantial evidence. Accordingly, the court will limit its discussion to the alleged points of error identified by the Claimant.

---

[1] Mr. Babcock was found capable of light work with a sit/stand option; with no climbing, exposure to unprotected heights, dangerous machinery, pushing or pulling with lower extremities, or temperature extremes; only occasional balancing, stooping, kneeling, crouching and crawling; and low stress work not requiring repeated interaction with the public, co-workers or supervisors. *See id.*

Counsel first argues that the ALJ failed to properly consider the opinions of treating physician Donald L. Hoffman, M.D. ("Dr. Hoffman").  *See generally* Pl.'s Br. (filed under Doc. 10) at 5-8.  The record reveals the contrary.

In a report dated April 11, 2003, Dr. Hoffman observed:

> This 34 [year old patient] returned for treatment of chronic low back pain that radiates to the left. . . .  He was sent for a surgical evaluation last year, but missed the appointment and didn't reschedule or call. . . .  He knows about . . . [v]ocational [r]ehabilitation [s]ervice[s] . . ., but hasn't made contact with them yet. He is not sure what he wants to do about his back.  <u>He is not disabled for all occupations</u>.

*See* R. at 207 (emphasis added).

On July 24, 2003, and at the behest of Claimant's counsel, Dr. Hoffman completed an RFC evaluation form.  *See* R. at 243, 245-46; *cf. also generally* R. at 242, 244 (Claimant counsel's letter inquiry of Dr. Hoffman, dated July 14, 2003).  Therein, the physician confirmed Mr. Babcock's capacity to lift or carry twenty pounds; stand, walk, and/or sit for up to five hours in an eight-hour work day; occasionally climb, balance, stoop, crouch, kneel, or crawl; he had no impairment regarding his ability to reach, handle, feel, push, pull, see, hear or speak; and no restrictions on heights, moving machinery, temperature extremes, chemicals, dust, noise, fumes, humidity, or vibration.  *See id.*

After the ALJ's hearing, on August 6, 2003, Dr. Hoffman "addended" his response to Claimant counsel's letter inquiry, stating that Mr. Babcock could "[n]ot [work] full time." *See* R. at 244. No further explanation was provided. *See id.*

The ALJ discounted Dr. Hoffman's opinion of disability, finding it inconsistent with, (a) his April 2003 opinion to the contrary, and (b) his RFC evaluation of July 24, 2003. *See* ALJ's Decision, R. at 16, 18. The record supports these conclusions, and the ALJ did not err. *See* discussion *supra*; Molina v. Barnhart, 2004 WL 2250928, *3 (E.D. Pa. Sept. 30, 2004) (although treating physician's "opinion is usually given substantial weight," it may be discounted "if it contradicts itself or is inconsistent with the entire medical record") (citations omitted, emphasis added). Moreover, Dr. Hoffman's RFC evaluation, which preceded the opinion of disability by less than two weeks, was largely consistent with the capacities endorsed by the ALJ. *Compare* discussion *supra* at n.1 (ALJ's RFC evaluation) *with id.* at 3 (summarizing Dr. Hoffman's RFC findings). The ALJ did not err, and counsel's objection is without merit.

The Claimant also makes much of Dr. Hoffman's post-hearing response to another question in counsel's letter inquiry:

> Q. Mr. Babcock tells us[, *i.e.*, counsel] he needs to lie down periodically throughout the day in order to help relieve and control his pain. Would the condition Mr. Babcock has reasonably be expected to cause this type of limitation?

>    A.   [Handwritten response:]  Yes lumbar
>         radiculopathy frequently requires resting
>         supine.

*See* R. at 244.

The problem with counsel's inquiry, however, was that it lacked foundation in the medical record.  Nowhere in the medical reports of Dr. Hoffman, or any other physician, is there reference to Mr. Babcock needing to frequently lie down to relieve pain.  Even had such evidence existed, Dr. Hoffman's comments cannot be read to indicate that the objective medical evidence supported the need for supine rest to the degree claimed by Mr. Babcock.  Rather, Dr. Hoffman's opinions appear plainly inconsistent with the Claimant's testimony in this regard. *Compare* Hearing Tr., R. at 257 (claiming need to lie down after twenty minutes of activity) *with* discussions *supra* (noting Dr. Hoffman's conclusion that not all occupations were precluded and his endorsement of RFC findings consistent with those of ALJ).[2]

Finally, Claimant's counsel asserts that the ALJ failed to conduct a proper credibility evaluation.  *See* Pl.'s Br. at 8-9.  Although the ALJ certainly could have done more to flesh out his credibility analysis, substantial evidence in the record supports the same.

---

[2]  In light of the lack of corroborating medical evidence regarding the need to lie down, the issue essentially boils down to one of credibility.  As will be seen below, the ALJ's credibility determination also was substantially supported.

The ALJ stated:

> [T]he medical evidence . . . indicate[s] an impairment that could reasonably be expected to cause pain of the nature complained of by the [C]laimant; but not to the level alleged.
>
> . . . .
>
> In making [the RFC] assessment, the [ALJ] must consider all [of the Claimant's] symptoms, including pain . . . . As was noted above, only Dr. Hoffman has opined [that these and other considerations precluded] . . . full time work. Again, the medical evidence of record does not support Dr. Hoffman's opinion[, and the] . . . consultative examin[er] only limited the [C]laimant['s RFC based on] his medication. . . . [Mr. Babcock] had a full range of motion, negative straight leg tests, bilaterally, and essentially . . . a normal [physical] examination, except [for] . . . back pain.
>
> Overall, the [C]laimant has limitations that must be accommodated. However, . . . they do not amount to a disabling condition.

*See* ALJ's Decision, R. at 17-18.

As just seen, the ALJ concluded that the Claimant's allegations of disabling pain were not supported by the medical record. *See id.* (noting that back impairment could reasonably be expected to cause some pain, but not to degree alleged). This conclusion enjoyed the support of substantial evidence. *See, e.g.*, R. at 194 (SSA physician's report, stating that Claimant's "complaint of severe physical limitations, due to low back pain, is exaggerated and disproportionate to the medical evidence");

R. at 179 (report of consultative examiner, diagnosing "chronic back pain . . . without evidence of pathology" and concluding that these findings resulted in no exertional limitations); *see also generally* discussions *supra* (noting findings of Dr. Hoffman that were inconsistent with conclusion of disability).  And though the ALJ admittedly could have done a better job of explaining his credibility determination, he has provided sufficient analysis to trace the path of his reasoning.[3]

For the reasons stated above, the Plaintiff's Motion for Summary Judgment should be denied and the Defendant's Motion granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by August 8, 2005.  Responses to objections are due by August 18, 2005.

July 21, 2005

Francis X. Caiazza
U.S. Magistrate Judge

---

[3] *See* Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) ("[we do] not require the ALJ to use particular language or adhere to a particular format in conducting his analysis"; "[r]ather, [the ALJ must] ensure that there is sufficient development of the record and explanation of findings to permit meaningful review") (citation omitted); *see also* Books v. Chater, 91 F.3d 972, 980 (7th Cir. 1996) ("the ALJ need not evaluate in writing every piece of testimony and evidence submitted"; he is only required to "sufficiently articulate his assessment of the evidence" so that the court may "trace the path of [his] reasoning") (citations and internal quotations omitted).

cc:

Regina L. Carpenter, Esq.
1414 Country Club Road
Fairmont, WV  26554

Paul Kovac, Esq.
Assistant U.S. Attorney