IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM I. BABCOCK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-824 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) ) | Judge Conti Magistrate Judge Caiazza |
| Defendant | ) | |

MEMORANDUM ORDER

On June 9, 2004, this case was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On July 21, 2005, the magistrate judge issued a Report (Doc. 13) recommending that the District Court grant the Defendant's Motion for Summary Judgment (Doc. 11) and deny the Plaintiff's Motion for Summary Judgment (Doc. 10).

Service of Report and Recommendation was made on the parties and Plaintiff filed objections on August 9, 2005. *(* Doc. 16.*).*  After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, the court finds that the case must be remanded because the administrative law judge (the "ALJ") erred in failing to discuss the limitations arising from the Plaintiff's ingestion of the narcotic pain medication Vicodin ES, 750 mgs. three times a day, which the Plaintiff was prescribed, was taking at the time of the hearing before the ALJ and had taken for two years prior to that hearing.

In the Plaintiff's objections, the Plaintiff asserts, among other things, that the ALJ failed to address whether the Plaintiff's testimony about needing to lie down frequently throughout the day is consistent with the objective medical evidence.

The ALJ noted that "[t]he January 2003 consultative examination only limited the claimant due to his medication, currently Ultram, Hydrocodone [Vicodin ES, 750 mgs.][1] and Tofranil." (Tr. at 18). The limitations, however, reported in that examination dealt with postural activities (only occasional balancing and no climbing) and environmental limitations (limiting heights and moving machinery). (Tr. at 184). The side effects of Vicodin, which include drowsiness, were not mentioned in that exam. The examining physician did note that the Plaintiff "has chronic back pain, on multiple medications without evidence of pathology." (Tr. at 180).

In the Daily Activities Questionnaire dated December 20, 2002 (Tr. at 87-94), the Plaintiff reported he was taking Vicodin three times a day and started the medication on July 16, 2001. (Tr. at 93). He reported the medicine caused the side effect of drowsiness. (Id.). In an exhibit received during the oral hearing held on July 24, 2003, the Plaintiff listed, among other medications, that he was taking Hydrocodone [Vicodin] three times a day for pain which was prescribed by his treating physician, Dr. Hoffman. (Tr. at 97). On April 11, 2003, Dr. Hoffman

---

[1] Vicodin is the brand name for hydrocodone bitartrate and acetaminophen tablets. "Hydrocone is a semisynthetic narcotic analgesic and antitussive with multiple actions qualitatively similar to those of codeine." Physicians' Desk Reference 527 (59th ed. 2005). Vicodin ES is "indicated for the relief of moderate to moderately severe pain." Id. Side effects of Vicodin ES include drowsiness, lethargy, and impairment of mental and physical performance. Id. at 528.

reported that the plan for the Plaintiff included "refill Vidocin ES#3, sig:bid prn rx3." (Tr. at 207).

During the hearing before the ALJ, the Plaintiff testified that on his "good" days, he would "get up, take my medicine . . . ." (Tr. at 257). After he was up for almost one hour and a half to two hours he would lay down for "45 minutes to an hour." Id. He also stated he had to lie down "a couple times a day." (Tr. at 258). When asked by the ALJ about the pain medication he was taking, the Plaintiff testified that he was taking Hydrocodone [Vicodin] and Ultram every day, two to three times a day and that he was taking that medication steadily during the prior two years. (Tr. at 267). The ALJ did not ask the Plaintiff about any side effects the Plaintiff was experiencing from the medication.

The court cannot determine whether the Plaintiff's ingestion of Vicodin was likely to continue and whether its side effects – specifically drowsiness – would cause him frequently to need to lie down. Since the ALJ did not discuss this medical evidence, the court is unable to conclude that the medical evidence of record supports his decision. On remand the ALJ should address whether the Plaintiff's use of Vicodin and its side effects affect the Plaintiff's ability to perform jobs in the national economy. The analysis should also consider whether that use is medically necessary and, if not, how that affects the determination of disability.

## Conclusion

Based upon a review of the evidence of record, the parties' evidence, the magistrate judge's report and recommendation, and the Plaintiff's objections to the report and recommendation, the court finds that there is not substantial evidence in the record to support the ALJ's findings. The record, however, does not warrant the grant of summary judgment in favor

of the Plaintiff. Therefore, the parties' cross-motions for summary judgement (Docket Nos. 10 and 11) are **DENIED.**

      **IT IS ORDERED AND ADJUDGED** that this case shall be remanded back to the Commissioner for further proceedings consistent with this opinion.

      The Clerk shall mark this case closed.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: August 31, 2005

cc:    counsel of record